UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARREN JOHNSON,

        Plaintiff,

v.                                                                CASE NO. 2:12-cv-12543
                                                                  HONORABLE VICTORIA A. ROBERTS
WALTER L. HARRISON,

        Defendant.

_____/

## ORDER OF DISMISSAL

### I.  INTRODUCTION

Plaintiff Darren Johnson is a state prisoner at Oaks Correctional Facility in

Manistee, Michigan.  He recently filed a *pro se* civil rights complaint for money damages

pursuant to 42 U.S.C. § 1983.  Defendant Walter L. Harrison is a lawyer who

represented Plaintiff at his state criminal trial.  Plaintiff claims that Defendant's acts and

omissions constituted legal malpractice and ineffective assistance of counsel, which

deprived him of a fair trial.  Specifically, Plaintiff contends that Defendant did not

subpoena evidence, did not comply with a discovery order, and deprived him of an

opportunity to submit documentary evidence and to have his main witness testify.

Plaintiff contends that the documentary evidence and witness's testimony would have

set him free.

### II.  STANDARD OF REVIEW

Due to Plaintiff's indigence, the Court has granted him permission to proceed

without prepayment of the fees and costs for this action.  The Court must dismiss an

indigent prisoner's civil complaint against a governmental entity, officer, or employee if

the complaint (1) is frivolous or malicious, (2) fails to state a claim for which relief may

be granted, or (3) seeks monetary relief from a defendant who is immune from such

relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Smith v. Campbell*, 250 F.3d 1032,

1036 (6th Cir. 2001).

A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v.

Williams*, 490 U.S. 319, 325 (1989).  While a complaint need not contain "detailed

factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007),

conclusory statements will not suffice, and only a complaint that states a plausible claim

for relief will survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)

(citing *Twombly*, 550 U.S. at 555-56).  "So, to survive scrutiny under §§ 1915A(b)(1) and

1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face.'"  *Hill v. Lappin*, 630 F.3d. 468, 471

(6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  "A plaintiff proceeding under § 1983

must establish that a person acting under color of state law deprived him of a right

secured by the Constitution or by federal law."  *Hoover v. Walsh*, 682 F.3d 481, 492 (6th

Cir. 2012) (citing *Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011)).

### III.  DISCUSSION

Defendant was Plaintiff's criminal defense attorney.  Defense attorneys, whether

retained or appointed by the court, do not act under color of law for purposes of § 1983

when performing the traditional functions of counsel to a defendant in a criminal

proceeding.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders);

2

*Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorneys appointed by the court); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (retained attorneys).  In addition, a claim of legal malpractice is a "matter[] of state law over which federal courts have no jurisdiction in the absence of diversity of citizenship."  *Wallace v. Depalma*, 758 F.2d 654, No. 84-3225, 1985 WL 12956, at *1 (6th Cir. Feb. 19, 1985) (unpublished) (citing *Fine v. New York*, 529 F.2d 70, 74 (2d Cir. 1975)).

Furthermore, Plaintiff is challenging a criminal conviction.  He has no right to money damages for allegedly unlawful conviction or sentence unless his conviction or sentence was invalidated by state officials or called in question by a federal court's issuance of the writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *Heck* and progeny, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that either his conviction or sentence was invalidated by state officials or impugned by a federal judge on habeas corpus review, and success in this action would demonstrate the invalidity of his conviction and imprisonment.  For this additional reason, Plaintiff's claims are not cognizable in this civil rights action.

## IV.  CONCLUSION

Plaintiff's allegations are frivolous and fail to state a plausible claim for which

3

relief may be granted.  Accordingly, the complaint is summarily dismissed pursuant to

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The Court certifies that an appeal from this

decision would be frivolous and could not be taken in good faith.  28 U.S.C. §

1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 2, 2012

The undersigned certifies that a copy of this
document was served on the attorneys of
record and Darren Johnson by electronic
means or U.S. Mail on August 2, 2012.

s/Carol A. Pinegar
Deputy Clerk

4