UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,

        Plaintiff,

v.                                    CASE NO. 2:12-cv-12543
                                    HONORABLE VICTORIA A. ROBERTS

WALTER L. HARRISON,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE COLLECTION OF FILING FEES

On June 12, 2012, Michigan prisoner Darren Johnson filed a *pro se* civil rights complaint against attorney Walter L. Harrison who represented Plaintiff at his state criminal trial. The Court permitted Plaintiff to proceed without prepayment of the filing fee, but ordered him to pay an initial partial filing fee of $14.00 and, in subsequent months, to make monthly payments of 20% of his preceding months's income until the entire filing fee was paid. On August 2, 2012, the Court summarily dismissed the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because the complaint failed to state a plausible claim for relief. Plaintiff subsequently moved to waive the filing fee for this action, but, on May 7, 2013, the Court denied his motion.

Now pending is Plaintiff's motion to consolidate collection of the filing fee in this case with two other federal civil cases for which he owes a filing fee. Plaintiff seeks to lessen his financial obligation to the Court due to other prison expenses, such as personal items and medical costs.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who qualifies to proceed *in forma pauperis* in a civil rights action is liable for the entire filing fee and must pay the filing fee in installments, as outlined in 28 U.S.C. § 1915(b).[1]  The PLRA "does not allow any exemptions to the requirement that an indigent prisoner pay the filing fee over time."  *White v. Paskiewicz*, 89 F. App'x 582, 584 (6th Cir. 2004).  "[T]he obligation to pay the full filing fee under § 1915(b) arises at the time a civil complaint is filed and . . . the subsequent dismissal of the action, even if voluntary, does not negate that obligation."  *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).

Furthermore, under the "per case" approach followed by a majority of courts, "a prisoner must pay 20% of his or her monthly income towards each filing fee incurred," irrespective of the number of lawsuits the prisoner filed.  *Goodrich v. Tyree*, No.08-13664,

---

[1] Section 1915(b) reads in relevant part:

**(1)**  [I]f a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

> **(A)** the average monthly deposits to the prisoner's account; or
>
> **(B)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

**(2)**  After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

2010 WL 2572773, at *2 (E.D. Mich. June 23, 2010) (unpublished). "For example, a prisoner proceeding in forma pauperis in four cases would have 80% of his or her monthly income collected for payment of the filing fees." *Id*.

The Court concludes that it cannot merge the filing fee in this case with the filing fee in Plaintiff's other two cases to reduce his financial obligation to the Court from 60% of his monthly income (20% for each of three cases) to 20%. The Court therefore **DENIES** Plaintiff's motion to consolidate collection of filing fees (Doc. No. 12, filed on July 23, 2013).

**SO ORDERED**.

                                                     S/Victoria A. Roberts
                                                     Victoria A. Roberts
                                                     United States District Judge

Dated: August 7, 2013

> The undersigned certifies that a copy of this document was served on the attorneys of record and Darren Johnson by electronic means or U.S. Mail on August 7, 2013.
>
> S/Carol A. Pinegar
> Deputy Clerk